[Kreamer v. Jackson L. Co.]

# Kreamer *v.* Jackson L. Co.

## *Death of Employee.*

(Decided November 26, 1912. 60 South. 88.)

*Appeal and Error; Bill of Exceptions; Motion for New Trial.*— The granting of a motion for a new trial will not be reviewed on appeal where the motion and judgment below are not incorporated in the bill of exceptions, although they are in the record, and their incorporation in the bill of exceptions was directed to be made by some unnamed person by such a recital in the bill.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Susie Kreamer, as administratrix, against the Jackson Lumber Company for damages for the death of her intestate, while in the employment of the defendant. There was judgment for plaintiff, which on motion was set aside and plaintiff appeals and submits on the merits and on a motion to establish a bill of exceptions. Affirmed.

JNO. W. A. SANFORD, JR., for appellant. Counsel discusses the case on its merits with citations of authority, but in view of the opinion it is not deemed necessary to here set it out. Counsel also insists that the bill of exceptions should be established and in support thereof he cites sections 3019-3021, Code of 1907, and authorities thereunder cited.

W. O. MULKEY, for appellee. A motion for a new trial and a judgment thereon is not a part of the record, but must be incorporated in the bill of exceptions in order to be reviewed.—*M. C. & R. R. Co. v. Wiggins,* 143 Ala. 132. The establishment of the bill of exceptions would not avail appellant here for the reason

that his appeal is from the motion granting a new trial and such judgment and motion is not incorporated in the bill of exceptions he proposes to establish.—*Anniston Mfg. Co. v. Sou. Ry. Co.*, 145 Ala. 351.

SOMERVILLE, J.—Appellant, who was plaintiff in the court below, recovered a judgment against appellee. The record proper shows this judgment, and also a motion by defendant for a new trial, and the judgment of the court granting the motion. The granting of this motion is the only error assigned. Appellant files her attorney's affidavit, averring that she prepared and tendered to the trial judge, within the time prescribed by law, a correct bill of exceptions, which he refused to sign; and she makes seasonable application to this court for the establishment of her bill of exceptions. The appeal is submitted on motion to establish the bill, and also on the merits.

A copy of the bill of exceptions as tendered to the trial judge is attached as an exhibit to the affidavit and motion. It does not contain the motion for new trial, nor the judgment of the trial court thereon. After stating the evidence given on the trial, it does, however, contain the following recital: "The court refused the general affirmative charge, which was duly requested by the defendant in writing, delivered a general charge to the jury, and a verdict was rendered for the plaintiff. Thereupon the defendant made the following motion: [Set out the motion exactly, together with the judgment and order of the court thereon.] The plaintiff resisted said motion, and to the granting of same, and the action of the court in setting aside the verdict of the jury, the plaintiff duly and legally excepted." It is well settled that a motion for new trial is not part of the record proper, and the judgment

[Sloss-S. S. & I. Co. v. Weir.]

thereon cannot be reviewed on appeal, unless presented by a bill of exceptions.—*Milner C. & R. R. Co. v. Wiggins,* 143 'Ala. 132, 38 South. 1010. The bill of exceptions here exhibited being incomplete without the incorporation of the motion and judgment, the trial judge was not bound to sign it in that condition. 'Nor can it be established here by reference to the record proper, which we cannot consider for that purpose. The recital above quoted from the tendered bill of exceptions does not sufficiently describe the motion or the judgment, the incorporation of which is enjoined upon some unnamed person, to make it a part of the bill, in such sense as to dispense with its actual incorporation.—*Garlington v. Jones,* 37 Ala. 240; *Pearce v. Clements,* 73 Ala. 256; *Anniston Mfg. Co. v. Southern Ry. Co.,* 145 Ala. 351, 40 South. 965.

It results that appellant's motion to establish the bill of exceptions must be overruled; and, no error being assigned on the record proper, the judgment of the circuit court will be affirmed.

Affirmed.

All the Justices concur.