(78 South. 716)

## HENDERSON LAND & LUMBER CO. v. BROWN. (6 Div. 339.)

(Court of Appeals of Alabama. April 16, 1918.)

1. APPEAL AND ERROR ⟐1078(1) — WAIVER OF ERROR.

Assignments of error not briefed are waived.

2. TRIAL ⟐315—QUOTIENT VERDICT.

In order to render a verdict objectionable and subject to vacation on the grounds that it was a quotient verdict, it devolves upon the assailant of the verdict to show by competent evidence that the jurors adopted a plan in arriving at a verdict, and that they agreed in advance to be bound by the result of such proceedings.

3. TRIAL ⟐315—QUOTIENT VERDICT.

Mere finding slip containing five different items added together, the total of which was the amount of the verdict rendered, did not establish that the verdict was a quotient verdict.

4. APPEAL AND ERROR ⟐1005(2)—REVIEW—APPROVAL OF VERDICT.

Where there is not a palpable failure of evidence to support the finding of the jury, the action of the trial court in upholding the verdict will not be deemed erroneous.

Appeal from Circuit Court, Tuscaloosa County; H. B. Foster, Judge.

Action by F. W. Brown against the Henderson Land & Lumber Company. From a judgment for plaintiff and order denying motion to vacate and set aside the judgment and to grant a new trial, defendant appeals. Affirmed.

Foster, Verner & Rice, of Tuscaloosa, and J. P. Vande Voort, of New York City, for appellant. H. A. & D. K. Jones, of Tuscaloosa, for appellee.

BRICKEN, J. [1] The only question insisted upon on this appeal in appellant's brief is the action of the trial court in overruling defendant's motion to vacate and set aside the verdict and judgment rendered in this case and to grant a new trial. All other assignments of error are therefore waived. It is here insisted that the motion should have been granted because the verdict of the jury was a quotient verdict, and was also contrary to the evidence.

[2] A careful examination of the evidence offered upon the trial of the motion fails to disclose sufficient facts to raise the reasonable presumption that the verdict of the jury was a quotient verdict. The rule is that, in order to render a verdict objectionable and subject to vacation on the grounds that it was a quotient verdict, it devolves upon the assailant of the verdict to show by competent evidence that the jurors adopted this plan in arriving at a verdict, and that they agreed in advance to be bound by the result of such proceeding. Bank of Tallassee v. Elmore Fertilizer Co., ante, p. 465, 78

South. 648; B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 South. 1024.

[3] The only evidence offered by the appellant on the motion to sustain the contention that the verdict rendered by the jury was a quotient verdict was a memorandum on the back of one of the papers in the file which the jury returned into court at the time they rendered their verdict. This memorandum consisted of five different items added together; the total thereof being the amount of the verdict. This amount is not divided by the figure twelve or by any other figure, and is therefore lacking upon its face of the usual distinctive feature necessary to constitute what is known as a quotient verdict. There is no merit whatever in this contention. Nor is there any merit in the insistence that the verdict of the jury was contrary to the evidence. There was ample evidence to support the verdict of the jury, and we do not deem it necessary or essential that we make any statement here of what the evidence was. In our opinion, there was enough evidence to justify the finding of the jury and, as a consequence, the court's refusal to set aside the verdict.

[4] The general rule is that, where there is not a palpable failure of evidence to support the finding of the jury, the action of the trial court in upholding the verdict will not be deemed erroneous. The judgment of the lower court is affirmed.

Affirmed.