(78 South. 648)

BANK OF TALLASSEE v. ELMORE FERTILIZER CO. (5 Div. 270.)

(Court of Appeals of Alabama. April 16, 1918.)

1. APPEAL AND ERROR ⬅⟹544(1)—RULING ON NEW TRIAL.

On appeal from order granting new trial, the ruling can be reviewed only by bill of exceptions, and not on the record proper, in view of Acts 1915, p. 722, as to review of ruling on motion for new trial.

2. TRIAL ⬅⟹315—"QUOTIENT VERDICT."

A party, objecting to a verdict on the ground that it was a quotient verdict, must show that it was arrived at by improper means, in that the jury in advance agreed upon a method, and agreed to be bound by the result.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quotient Verdict.]

3. NEW TRIAL ⬅⟹140(3) — QUOTIENT VERDICT—EVIDENCE.

Evidence held insufficient to warrant setting aside verdict as a quotient verdict.

4. TRIAL ⬅⟹315—VERDICT—"TRUE VERDICT."

A true verdict is the voluntary conclusion of the jury after deliberate consideration, though they may have been liberal in making concessions.

[Ed. Note.—For other definitions, see Words and Phrases, True Verdict.]

5. APPEAL AND ERROR ⬅⟹1008(3)—REVIEW—FINDINGS.

The rule that on evidence given ore tenus, the appellate court will not reverse the finding, unless clearly convinced that it is wrong, does not apply where the evidence is documentary and without practical dispute.

Appeal from Circuit Court, Elmore County; Gaston Gunter, Judge.

Action by the Elmore Fertilizer Company against the Bank of Tallassee. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Smoot & Mullins, of Wetumpka, and Rushton, Williams & Crenshaw, of Montgomery, for appellant. Holley & Morrow and Frank W. Lull, all of Wetumpka, for appellee.

BRICKEN, J. There are several assignments of error, but all relate to the sole question presented for review, which is the action of the trial court in setting aside the verdict of the jury, and granting a new trial.

[1] On appeals of this character, the action of the lower court can only be reviewed by a bill of exceptions, and not upon the record proper, as the action of the court on motion for a new trial is no part of the record proper. Acts 1915, p. 722; Kreamer v. Jack-

son Lumber Co., 179 Ala. 225, 60 South. 88; Milner Coal & Iron Co. v. Wiggins, 143 Ala. 132, 38 South. 1010.

[2] The motion for new trial was made by appellee (plaintiff below), and was based upon several separate and distinct grounds. However, the bill of exceptions recites that "the court granted the motion to set aside the verdict, on the theory that the verdict was a quotient verdict." This recital clearly shows, and the appellee by brief practically admits, that the ground upon which the court set aside the verdict of the jury and granted a new trial was that the verdict of the jury was a quotient verdict. It therefore follows that the material question for us to consider is whether or not the evidence, to this end, offered upon the motion, is sufficient to sustain the contention that the verdict was in fact a quotient verdict in contemplation of law. A quotient verdict has been held to be a verdict which has not been arrived at in a legitimate way, as in a case where "if a jury should agree in advance that their verdict should be the result of a quotient of a division by twelve of the sum total of all the jurors' separate assessment, this would constitute a quotient verdict, and when brought about by such an agreement ought to be set aside." Birmingham Ry. Lt. & P. Co. v. Moore, 148 Ala. 115, 130, 42 South. 1024, 1029, and cases cited. "If the jurors previously agree to a particular mode of arriving at a verdict, and to abide by the contingent result at all events, without reserving to themselves the liberty of dissenting, such a proceeding would be improper; but if the means is adopted merely for the sake of arriving at a reasonable measure of damages, without binding the jurors by the result, it is no objection to the verdict." The vitiating fact seems to be the agreement in advance to abide the result. And the test in such cases is: Did the jury agree to be bound beforehand by the result of such proceedings? B. R. L. & P. Co. v. Moore, supra. To render a verdict objectionable and subject to vacation on the grounds that it was a quotient verdict, it devolves upon the assailant of the verdict to show by competent evidence that the jurors in advance agreed to be bound by a particular mode adopted of arriving at the verdict. In the instant case, the movant relied upon the affidavit of Attorney Lull to meet this burden and establish the fact that the verdict of the jury was a quotient verdict, and was arrived at by the jury having added together a list of several items, and divided same by the figure 2, and rendered the result as a verdict.

[3] Pretermitting the question as to the admissibility of the affidavit of Attorney Lull, which question was raised and is insisted upon here, we are of the opinion that the testimony offered on the motion for a new trial falls far short of showing that the verdict of the jury was a quotient verdict, or that it was arrived at by an improper method, and the testimony offered in this connection fails to meet the burden which devolves upon the assailant of the verdict to show by competent evidence that the jurors agreed in advance to be bound by the particular mode adopted of arriving at the verdict. As a matter of fact, the paper found in the room where the jury had been deliberating could in no event do more than create a suspicion that some improper method had been indulged in by the jury in reaching their verdict, and it cannot be said that the mere fact of finding the paper in the jury room creates or establishes a reasonable and satisfactory presumption from the facts stated that the verdict in the case was the result of such an agreement.

[4] If in fact the paper in question was written by the juror Lewis, it is possible that as an individual member of the jury, he adopted this plan of ascertaining what he deemed to be a proper verdict, and, after having done so, submitted same to the jury, who, after deliberating thereon, agreed to it as their verdict. If this is the case, it was a true verdict; for a true verdict is the voluntary conclusion of the jury after deliberate consideration, and it is none the less a true verdict because the respective jurors may have been liberal in concessions to each other, if conscientiously and freely made. The evidence in this case was in conflict as to the amounts involved, and the verdict rendered by the jury could be supported by the evidence.

[5] We are not unmindful of the rule that on evidence given ore tenus, the appellate court will not reverse the finding of the trial court, unless clearly convinced that it is wrong and unjust; but, as here, where the evidence is documentary, or without practical dispute, this rule is without application.

The action of the court in setting aside the verdict of the jury and granting a new trial in this case not being in accord with the views herein expressed, the judgment of the court on the motion is reversed and annulled, and the cause is remanded, with directions to the lower court to overrule the motion for a new trial.

Reversed and remanded.