(84 South. 412)

## DECATUR CORNICE & ROOFING CO. v. DOWLING et al. (4 Div. 574.)

(Court of Appeals of Alabama. Oct. 28, 1919.)

EXCEPTIONS, BILL OF ⬤=55(1)—PAPERS INTENDED TO BE INSERTED IN BLANKS MUST BE IDENTIFIED TO AUTHORIZE ESTABLISHMENT IN APPELLATE COURT.

The appellate court will not establish a bill of exceptions when there are blanks in material parts of the instrument, and the papers intended to be inserted are not properly identified, and such identification must be so complete that the transcribing officer cannot reasonably make a mistake.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action by the Decatur Cornice & Roofing Company against G. P. Dowling and others. There was judgment for defendants, and plaintiff appeals and seeks to establish his bill of exceptions. The motion to establish bill of exceptions denied, and cause affirmed.

J. J. Speight and W. R. Chapman, both of Dothan, for appellant.

The bill of exceptions should have been established. 173 Ala. 559, 56 South. 120. Counsel discussed the assignments of error on the merits, but in view of the opinion of the court it is not deemed necessary to here set them out.

H. L. Martin, of Ozark, for appellees.

The bill of exceptions as submitted was incomplete, and the motion to establish should be denied.

BROWN, P. J. This is an action of assumpsit by the appellant against the appellees, on an indebtedness alleged to have been contracted in the purchase of certain building materials furnished to L. E. Marley & Co., a partnership composed of said L. E. Marley and appellees, and also materials furnished to said Marley & Co. on the credit of the appellees. The trial resulted in a judgment in favor of the defendants, and the plaintiff, alleging that it seasonably presented to the trial judge a correct bill of exceptions, which he refused to sign, made motion here to establish such bill of exceptions.

The original bill of exceptions, to which the trial judge refused to attach his signature, is offered, along with other evidence in support of the motion. Among other statements in this bill of exceptions we note the following:

"The witness (O. C. Parker, on redirect examination) identified ledger account of the plaintiff against the G. P. Dowling Hardware Company and the ledger account of Plaintiff v. L. E. Marley & Co. Plaintiff offered the account of plaintiff against the G. P. Dowling Hardware Company in evidence and which is in words and figures as follows: (The clerk will here set it out.) * * *"

Aside from these omissions, there are others of like character.

"It is a rule now inflexibly settled in our practice, by a long current of decisions, that this court will not establish a bill of exceptions, nor award a certiorari to bring it up as a part of the record, even if signed, where there are blanks in material parts of the instrument, and the papers intended to be inserted are not properly identified." Anniston Mfg. Co. v. So. Ry. Co., 145 Ala. 356, 40 South. 966; Kreamer v. Jackson Lbr. Co., 179 Ala. 225, 60 South. 88.

The identification must be so complete that the transcribing officer, "coming into the place of the one before whom the business was transacted, cannot reasonably mistake what was done." Kyle & Elliott v. Gadsden Land & Improvement Co., 96 Ala. 376, 11 South. 478.

The result is that the motion to establish the bill of exceptions must be overruled, and, no error being assigned on the record proper, the judgment will be affirmed. Kreamer v. Jackson Lbr. Co., supra.

Affirmed.