LAURA CROUNSE, Appellant, *v.* CLINTON W. SAGER, Respondent. (Action No. 1.)

WILLIAM A. CROUNSE, Appellant, *v.* CLINTON W. SAGER, Respondent. (Action No. 2.)

Third Department, May 24, 1928.

*Ernest P. Lyons* [*Fletcher Battershall* of counsel], for the appellants.

*Borst & Smith* [*George B. Smith* of counsel], for the respondent.

WHITMYER, J. Plaintiffs are husband and wife. On December 30, 1926, at about ten A. M., the wife fell on the sidewalk along defendant's garage, at 1345 Broadway, Schenectady, N. Y., and sustained injuries for which she is seeking a recovery. The husband's action is for loss of services. It is alleged, in effect, that the wife's injuries were caused solely by defendant's negligence in permitting " a nuisance to exist on said premises and on said sidewalk," namely, in maintaining a pipe from the roof of the garage so that water, which formed ice, was discharged on the walk and in permitting it to accumulate and remain without removal in a reasonable time. There was no pipe or gutter on the garage, but the roof slanted toward the walk, so that water and snow

falling on it would run or slide to and on the walk. At the time, a ridge of ice, seven or eight inches thick in the center and slanting each way, was on the walk and about three feet out from the building which was about 100 feet long. The evidence was that the condition had existed for four or five days and that there had been a slight flurry of snow that morning. Plaintiffs attempted to prove that the ice had been formed from snow, which had come from the roof, but the court sustained defendant's objection to the evidence. Plaintiffs excepted and then moved to amend their complaints to conform to the proof. That was not permitted, but plaintiffs did not except. We think that the exclusion of the evidence was error. The court decided the case on the theory that it was the ordinary sidewalk case and one entirely of negligence. But, if the evidence had shown that defendant permitted water and snow to fall from the roof upon the sidewalk and to accumulate there, the element of nuisance would have been involved and liability might have followed. (16 Halsbury's Laws of England, 151; 21 id. 384, 397; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *McFarlane* v. *City of Niagara Falls*, 247 id. 340; *Williams* v. *City of New York*, 214 id. 259; *Hogle* v. *Franklin Mfg. Co.*, 199 id. 388; *Tremblay* v. *Harmony Mills*, 171 id. 598, 601.)

The judgments should be reversed and new trials should be granted, with one bill of costs to appellants to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS and HILL, JJ., concur.

Judgments reversed on the law and new trial granted, with one bill of costs to the appellants to abide the event.