LILLIAN M. PARSONS, Respondent, Appellant, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, Impleaded with GEORGE M. KNOBLES, Respondent.

WILLIAM A. PARSONS, Respondent, Appellant, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, Impleaded with GEORGE M. KNOBLES, Respondent.

Fourth Department, June 30, 1931.

*Frederick S. Holbrook* [*Carlyle B. Newcomb*, with him on the brief], for the appellant, Great Atlantic and Pacific Tea Company.

*Arthur VD. Chamberlain*, for the plaintiffs.

*Carroll M. Roberts*, for the respondent George M. Knobles.

EDGCOMB, J.   On the morning of January 3, 1929, the plaintiff Lillian M. Parsons slipped and fell on a sidewalk in front of the

premises owned by the defendant George M. Knobles, and leased by the defendant Great Atlantic and Pacific Tea Company, at 21 Front street in the city of Rochester, N. Y. Claiming that this icy condition constituted a nuisance for which both defendants were negligent, Mrs. Parsons brings this action against both owner and lessee to recover the damages sustained by her as a result of her fall; and her husband, William A. Parsons, brings a companion action to recover for the loss of his wife's services and the medical and hospital bills which he has been compelled to pay.

The jury found a verdict in favor of both plaintiffs against the defendant Great Atlantic and Pacific Tea Company, but exonerated the owner of the property, Mr. Knobles, and found a verdict of no cause of action as to him. Both the tea company and the plaintiffs appeal.

Two bay windows, which extended over the sidewalk, had been constructed on the second floor of the building in question. It is asserted by the plaintiffs, and there is evidence to support the claim, that the roof of these windows was so constructed that it collected and discharged snow and water on the walk below, and caused ice to form in freezing weather, and that this condition rendered the walk dangerous and imperilled the safety of the public. Such a state of affairs would constitute a nuisance, and render those responsible therefor liable in damages to one who was injured thereby. (*Tremblay* v. *Harmony Mills*, 171 N. Y. 598; *Venable* v. *Consolidated Dry Goods Co.*, 225 App. Div. 202, 205; affd., 251 N. Y. 585; *Crounse* v. *Sager, Nos. 1 & 2*, 224 App. Div. 10; *Dwyer* v. *Woollard*, 205 id. 546, 548.)

Six months prior to the accident Knobles, the owner of the building, leased the entire block to the Great Atlantic and Pacific Tea Company. The lease was not put in evidence, and we are not told which defendant was bound to keep the building in repair. Neither are we informed whether any change had been made in the construction of the bay windows after the tenant went into possession and before the accident. This evidence might have some bearing on the liability of the respective defendants. Upon the record we are unable to say that the verdict is inconsistent.

The owner of the building gave evidence that, on the morning of the accident, the tenant washed the front windows of the store, and that the water ran over the walk and froze, and he asserts that it was on this ice that Mrs. Parsons fell, rather than on any formed from water dripping from the bay windows. If that was the case, the owner could not be held liable. This was the owner's theory of the cause of the accident; it was not the plaintiffs'.

In its charge the trial court defined a public nuisance in general

terms, and left it to the jury to determine whether such "public nuisance was maintained here." Nowhere did the court instruct the jury as to the difference in the liability of the owner and the tenant. That subject was not mentioned.

At the close of the charge counsel for the appellant Great Atlantic and Pacific Tea Company requested the court to charge "that the jury cannot base their verdict of damages against the Atlantic & Pacific Tea Company upon the theory upon which this case has been tried and the evidence in the belief that the injuries were caused by reason of the ice which came from the washing of the windows, and by even negligence resulting therefrom." To this request the court replied: "I refuse to modify my charge in that respect."

Nowhere in his charge had the court referred to any ice which had formed from water used in washing the store windows. Plaintiffs relied upon no such theory. They brought and tried their action on an entirely different basis, and were entitled to recover, if at all, only upon the theory advanced by them and covered by their pleadings. The issue tendered by them was whether Mrs. Parsons fell upon ice which accumulated from water dripping from the roof of the bay windows and freezing on the walk and creating a dangerous condition which constituted a nuisance. I think that the appellant tea company was entitled to this charge.

This error was emphasized and rendered more prejudicial by the court charging, at the request of the owner, "that if the jury find that the ice upon which the plaintiff fell came from the washing of the window of the A. & P. store, their verdict must be one of no cause of action for the defendant Knobles." If that was the cause of the accident, the verdict should have been for both defendants, and not in favor of the owner alone. Yet a similar request that such a finding would exculpate the tea company from liability was refused. It is not strange, under such circumstances, that the jury held the tea company and exonerated the owner.

For this error in the charge we think that the judgment should be reversed as to the appellant Great Atlantic and Pacific Tea Company. We find no sufficient reason to reverse the judgment as to the respondent Knobles.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In each case: Judgment and order reversed on the law as to the appellant Great Atlantic and Pacific Tea Company, and a new trial granted as to said appellant, with costs to appellant to abide the event. Judgment and order affirmed, with costs, as to the defendant Knobles.