HAZEL SAUNDERS, Respondent, v. CHAMPLAIN BUS CORPORATION, Appellant.

WILLIAM SAUNDERS, Respondent, v. CHAMPLAIN BUS CORPORATION, Appellant.

RAYMOND RONER, an Infant, by WILLIAM RONER, His Guardian ad Litem, Respondent, v. CHAMPLAIN BUS CORPORATION, Appellant.

Third Department, April 29, 1942.

*Ira H. Michael* [*David B. Sugarman* of counsel], for the appellant.

*Leary & Fullerton* [*Walter A. Fullerton* and *James A. Leary* of counsel], for the respondents.

PER CURIAM. Defendant has appealed from judgments in favor of plaintiffs in actions to recover damages for personal injuries based on defendant's negligence. The actions were tried together.

We would not be inclined to disturb these verdicts, which are supported by evidence, were it not for the conduct of plaintiffs' trial counsel. The issue on the question of negligence was close. Among other witnesses defendant called one Goldman, the operator of defendant's bus. On cross-examination plaintiffs' counsel asked him if after the accident he took the names of witnesses, to which Goldman responded that he took the name of one witness, a man named Metzner. Counsel then said to the witness: " What is your nationality? " An objection to the question was sustained. Plaintiffs' counsel evidently sought to convey to the jury that Goldman and Metzner were of the same race. On the argument of the appeal counsel for plaintiffs (not the trial counsel) justified the action of trial counsel in attempting to link these two witnesses together by this statement: " Birds of a feather flock together." It was stated on the argument that plaintiffs' trial counsel is the author of these sentences in the brief: " If both [witnesses] were of the same race might not the desire of Metzner be to see that his racial brother did not suffer? " " Let this Court be truly logical. Must it not admit there is a feeling of stand together because of racial ties? If Notre Dame plays Texas Christian, whom do you think the Irish root for, though knowing no player on the Notre Dame team, even though said team may be all Poles? "

Virtues and vices are to be found in all races and creeds. No one branch of the human family has a monopoly on veracity. It seems to us that plaintiffs' counsel was appealing to prejudice and passion. The basic principle of our jurisprudence is that every citizen regardless of his position, his property, his race or his creed, is entitled to equal and exact justice. We are convinced, therefore, that in the interests of justice the judgments and orders appealed from should be reversed and new trials granted, with costs to abide the event.

HILL, P. J., BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgments and orders reversed on the law and facts and new trials granted, with costs to abide the event.