FRANCES LEONARD, an Infant, by HARRY LEONARD, Her Guardian ad Litem, Appellant-Respondent, *v.* HOME OWNERS' LOAN CORPORATION et al., Appellants, and WILSON SULLIVAN COMPANY, INC., et al., Respondents. (Action No. 1.)

HARRY LEONARD, Appellant-Respondent, *v.* HOME OWNERS' LOAN CORPORATION et al., Appellants, and WILSON SULLIVAN COMPANY, INC., et al., Respondents. (Action No. 2.)

Third Department, January 9, 1946.

*Wiswall, Walton, Wood & MacAffer (Frank L. Wiswall* of counsel and *Carl O. Olson* with him on the brief), for New York Telephone Company, defendant-appellant.

*Jacob D. Menkes (Simon H. Trevas* and *Ray E. Dougherty* of counsel), for Home Owners' Loan Corporation, defendant-appellant.

*Murphy, Aldrich, Guy, Broderick & Simon (Morris Simon* and *Morris Zuckman* of counsel), for plaintiffs, respondents and appellants.

*Malcolm G. Bibby (Daniel H. Prior* of counsel), for City and County Savings Bank of Albany, defendant-respondent.

*Dugan, Barkhuff & Dugan (Kenneth J. Dugan* and *Edward S. Rooney* of counsel), for Albany Savings Bank and Tony Loudis, defendants-respondents.

*Meyer A. Jeneroff (Nathan M. Medwin* and *Werner H. Pigors* of counsel), for Wilson Sullivan Company, Inc., defendant-respondent.

BREWSTER, J. The actions are to recover damages alleged to have been caused by a nuisance. The complaints accuse the defendants separately of various acts and omissions as constituting a tortious contribution to its maintenance. Action No. 1 is for the recovery of damages on account of personal injuries suffered by the infant, Frances Leonard, on February 23, 1942. She was then about seven years old. Action No. 2 is derivative, brought by the father for special damages.

At a trial of the two actions at an Albany term which began May 22d and concluded June 7, 1944, the following dispositions occurred. Plaintiffs were nonsuited as to the defendant Wilson Sullivan Company, Inc. In Action No. 1 the jury rendered a verdict in favor of the plaintiff for $35,000 against defendant Home Owners' Loan Corporation (hereinafter referred to as HOLC), and the New York Telephone Company; and one of no cause of action as to the other defendants. In Action No. 2, the verdict was for all defendants and this the Trial Justice later set aside, as to defendants HOLC and the New York Telephone Company, for inconsistency.

From the judgments of dismissal entered upon the nonsuit and upon the verdicts in favor of two defendant banks and Loudis, the plaintiffs have appealed. We find no merit in those appeals. Wilson Sullivan Company, Inc., management broker for HOLC, the owner of premises at 220 Hamilton Street, in the city of Albany did not have possession and its control of the property was limited. They were not liable to third parties for nonfeasance. (*Greco* v. *Levy*, 257 App. Div. 209, affd. 282 N. Y. 575.) One of the defendant banks owned property known as 63 S. Hawk Street, adjoining on its east the 220 Hamilton Street premises. Bordering the south lines of these properties was a narrow alley wherein plaintiffs claim the infant girl met with her accident. The other defendant bank was alleged to be a mortgagee in possession and control, and Loudis the fee owner, of premises known as 65 S. Hawk Street, where plaintiffs dwelt and which were bounded northerly by the southerly side of the alley. Plaintiffs' proof was that the child was injured in successfully avoiding some seven or eight bricks which she said fell some distance ahead of her from a shed or structure located on the extreme rear or southerly portion of the 220 Hamilton Street premises, as she was walking in the alley; the immediate cause of the fall which injured her being that she tripped over a brick frozen into the earth surface of the alley and elevated above ground about one fourth of an inch. While these owners, the two banks and Loudis, had easements for the use of the alley, and while there was evidence that the alleyway had been in somewhat general use by the public for many years, we find no evidence sufficient to sustain a finding of any negligence on the part of any of those defendants which contributed to the accident. The presence of the brick imbedded in the earth floor of the alley and having but an approximate quarter inch elevation was, as a matter of law, a factor negligible in either negligence or nuisance. There was no sufficient competent evidence to charge these defendants with liability for the maintenance of the brick shed located upon the land of another party.

The defendants, HOLC and the New York Telephone Company have appealed from the judgments entered upon verdicts against them in Action No. 1 and from the order setting aside the verdicts in their favor in Action No. 2.

We fail to see that the plaintiffs' proofs made a prima facie case as against defendant, the New York Telephone Company. There was no competent evidence that the small cable one inch in diameter it maintained on portions of the other defend-

ant's brick shed was a proximate cause of the fall of the bricks which the infant plaintiff ascribed as the origin of her misfortune. Plaintiffs' exhibit No. 7, a photograph of a portion of the detached cable, was not properly proven as showing a condition which prevailed at the time of the accident or immediately thereafter. The evidence clearly shows it to have been taken some months later. As to this defendant the unquestioned law of the case as charged by the trial court is that unless its cable or equipment caused or contributed to the fall of the brick which was frozen into the surface of the alleyway and upon which the infant stumbled to her fall, this defendant was not responsible or liable for her injuries. We find no evidence to sustain a finding upon such premise.

The remaining defendant assigns several errors for the reversal of the judgments and orders from which it has appealed. We consider first its claim of a fatal variance between plaintiffs' pleading and proof and as to which no motion was made to conform. In the factual description of the cause of the accident the complaints and bills of particulars ascribe it to a " collapse in its various parts " of the shed or structure on the rear of this defendant's 220 Hamilton Street premises. Plaintiffs' proofs as to the injury producing happenstance is decidedly different from the concept which arises from the language of the pleadings. It is undisputed that a considerable portion of the wooden roof of the shed did " collapse " and that the whole building was razed and removed *several months after* the accident in question. These actions were not begun until after that. Thus at their inception defendant was apprised of the fact that no very considerable portion of its structure could have been involved in the building collapse described in the complaints, and it rested upon such further slight amplification as was given in the bills of particulars voluntarily furnished upon its request. The gravamen of the actions is in nuisance. If in fact but a few bricks did fall away from defendant's structure at such a time and in such manner as to have been a proximate cause of the damages sued for, it is not clear that the variance " actually misled the adverse party, to his [its] prejudice," or that we may say the allegations of the complaints were unproven in their " entire scope and meaning " so as to have resulted in a " failure of proof ", within the reach of the statutory rule. (Civ. Prac. Act, § 434.) It may be said that there was some slight correspondence of the proof to the equivocal and extravagant language employed by the pleader, the latter being a technique, however, of which we do

not approve, since it seems to have been used intentionally and was fraught with the harm of other prejudicial effects as herein later referred to. A chronology of events, viz.: The accident on February 23, 1942; the collapse and razing of the building around November 1st following; and the bringing of these actions some two weeks later — from this some might infer that the pleader designed to dissemble his cause. The large number of photographs which plaintiffs successfully employed in their proofs at the trial, the most of which appear to have been taken at about the time and after the building had partially fallen in and was razed, could serve to further ready such an inference. One of the plaintiffs' counsel said during the trial that he drew the complaints with " meticulousness and deliberation." If the inference referred to be a true one, the pleader's conduct is deserving of censure. If the inference be not true then his care in composing the pleading was far from meticulous in its avoidance of such an inference.

The place and cause of the accident were issues sharply contested. They hinged principally upon rival eye-witness recitals given by two small children, the infant plaintiff and her playmate Rita Potts, who were, respectively, about seven and eight years of age when it occurred. According to the latter's version it happened when the infant plaintiff fell while they were both running and playing in the yard of the 220 Hamilton Street premises, and in the space between the brick shed and the dwelling house, and that in such accident the defendant's structure played no part in causation.

While we pass upon the variance as allowable, it does, however, again press upon us in a consideration of other errors assigned. There was but little and no proper foundation laid for the reception of many of the twenty-nine photographs of the structure and scenes about the same, and the error of their admission in evidence was prejudicial. Several of the pictures show conditions which were nonexistent at the time of the accident and depicted scenes illustrative of the catastrophic collapse of the structure as described in the complaints and bills of particulars. The photographer who took them was not sworn or produced, nor was his absence accounted for. Plaintiffs made no pretense of any definite affirmative showing of the dates when they were taken. But the evidence is clear that such were several weeks and in some cases months after the accident, and they appear to have been taken by a professional. We count as other errors the following: (a) The receipt of the testimony of plaintiffs' witness King to measurements of the

brick shed showing conditions therein as of *October 31, 1942.*
(b) The refusal of an allowance of the testimony of defendant
HOLC's witness Hoffman offered in explanation of facts which
could have rendered innocuous an inference which plaintiffs'
trial counsel improperly dealt with in summation. (c) Receipt
in plaintiffs' evidence of the written statement of Rita Potts,
noncontradictory of her testimony, and which introduced col-
lateral matters likewise improperly dealt with at length in the
summation. (d) The cross-examination of the mother of Rita
Potts eliciting evidence of her racial origin. (See *Abbate* v.
*Solan*, 257 App. Div. 776; *Saunders* v. *Champlain Bus Corp.*,
263 App. Div. 683.) (e) The court's charge to the jury
respecting the duty of an owner of land abutting on a highway
to guard travelers from harm as regards a hole or excavation
upon his land — while the law as given was stated correctly
it was not made sufficiently applicable to the evidence.
(f) Failure by the Trial Justice to take further action upon
objections of defendant's counsel to improper and prejudicial
remarks in the summation of plaintiffs' counsel. While some
of the errors aforesaid standing alone or in more isolated set-
ting might be disregarded as harmless, their combined effect
in such a closely contested and narrow issue, justifies a reversal.

The summation of plaintiffs' trial counsel transgressed the
bounds of legitimate advocacy and was so leniently dealt with
by the trial court as to in itself constitute reversible error.

The verdicts in favor of plaintiff in Action No. 1 and for
defendants in Action No. 2 were irreconcilably inconsistent
and both should have been wholly set aside for that reason.
(*Gray* v. *Brooklyn Heights R. R. Co.*, 175 N. Y. 448, 450; *Reilly*
v. *Shapmar Realty Corp.*, 267 App. Div. 198.)

The judgments of dismissal as to defendants Wilson Sullivan
Company, Inc., City and County Savings Bank, Albany Savings
Bank and Tony Loudis, should be affirmed. The judgment
in favor of the plaintiff in Action No. 1 as against the defendant
the New York Telephone Company, should be reversed on
the law and facts, and the denial of its motion for a dismissal
of the complaint in both actions should be reversed, said motions
granted and the complaints dismissed as to said defendant.
The judgment in favor of plaintiff in Action No. 1 as against
Home Owners' Loan Corporation should be reversed on the law
and on the facts, and a new trial ordered, with costs to abide
the event, and the order setting aside the verdict in favor of
this defendant in Action No. 2 should be affirmed.

**All concur**

Judgments of dismissal as to defendants Wilson Sullivan Company, Inc., City and County Savings Bank, Albany Savings Bank and Tony Loudis, affirmed, without costs.

Judgment in favor of the plaintiff in Action No. 1 as against the defendant-appellant, the New York Telephone Company, reversed on the law and facts, and complaints in both actions dismissed, without costs.

Judgment in favor of the plaintiff in Action No. 1 as against the Home Owners' Loan Corporation reversed on the law and facts and a new trial ordered, with costs to abide the event.

Order setting aside the verdict in favor of Home Owners' Loan Corporation in Action No. 2 affirmed, without costs. [See amended decisions *post*, pp. 785, 867.]