HELEN BECKER et al., Respondents-Appellants, v. HAROLD B. SLINGERLAND, Appellant, and WILLIAM O'BRIEN, Respondent.— Defendant Slingerland appeals from a judgment of Supreme Court, Albany County, rendered on a verdict in favor of plaintiffs, and from an order denying his motion for a new trial on the ground that the verdicts were against the weight of evidence, contrary to law and inconsistent. Plaintiffs appeal from the judgment entered on the jury's verdict for no cause of action in favor of defendant O'Brien. The action was to recover damages suffered when plaintiff, Helen Becker, fell on the sidewalk in front of premises owned by defendant Slingerland and occupied as a parking lot by defendant O'Brien. The place of the fall was described as being within that portion of the sidewalk crossed by a driveway or entry to such lot. The action was tried and was submitted to the jury under the special benefit rule charging the owner of premises abutting a public sidewalk with the maintenance of the part thereof which he uses. The court charged the jury that liability of the defendants, or either of them, could be predicated upon the creation of a dangerous or hazardous condition in the sidewalk. He went on to state that, however, to charge them with liability under the special benefit rule, it was necessary that they have notice, actual or constructive, of the condition and that there was no proof or claim of actual notice. Defendant O'Brien had been a tenant of Slingerland's predecessors in title, the relationship continuing after Slingerland became owner. O'Brien was in complete possession and control except that the owner reserved right of ingress and egress for the benefit of other properties owned by him adjoining upon the rear of the vacant lot in question. The verdict of the jury, charging Slingerland and

finding in favor of O'Brien for no cause of action, was inconsistent. Defendant Slingerland's motion to set aside the verdict was based in part upon that inconsistency. Judgment and order reversed on the law and the facts, with costs to abide the event, and a new trial ordered against both defendants. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.