■ JEANETTE MICOZZI, Appellant-Respondent, v ROBERT A. GLOWACKI, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated November 17, 1989, as, after a jury verdict as to liability finding the defendant 70% at fault and the plaintiff 30% at fault in the happening of the accident, granted the defendant's motion to set aside the liability verdict and declared a mistrial, and the defendant cross-appeals, as limited by his brief, from so much of the same order as, in effect, denied his motion for judgment as a matter of law in his favor.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The jury returned a verdict finding the defendant 70% at fault and the plaintiff 30% at fault for the collision between their vehicles. After the jury had rendered this verdict, a

court officer indicated that a juror had informed him that the verdict may have been reported incorrectly. During the court's inquiry that followed, the jury foreperson confirmed that the verdict had been reported correctly, but juror number 1 remarked that the percentages had been averaged. Without further inquiry, the court discharged the jury and declared a mistrial, reasoning that the jury had returned an improper quotient verdict. We agree with the plaintiff that the verdict should be reinstated.

Typically, the problem of quotient verdicts arises with respect to damage awards, where the jury has agreed that each juror will indicate the amount of damages to which he or she believes a party is entitled and such amounts are then added together and divided by the number of jurors. It has been held that an advance agreement to adhere to a quotient verdict is illegal (see, Manshul Constr. Corp. v Dormitory Auth., 111 Misc 2d 209, 215). In the absence of such an advance agreement to abide by the average of the jurors' percentages, a verdict based upon "the average judgment of all the jurors" is not illegal (Klein v Eichen, 63 Misc 2d 590, 593). Moreover, there is a legal presumption that no such agreement was made (Manshul Constr. Corp. v Dormitory Auth., supra; Klein v Eichen, supra).

There is no evidence of any agreement by the jurors to be bound by the average of each individual juror's apportionment of liability. Hence, it was error for the court to set aside the verdict and declare a mistrial without any showing of illegality.

Further, contrary to the defendant's claim, we find that the verdict is based upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134; see also, Venable v New York City Tr. Auth., 165 AD2d 871, 872). Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.