**Richmond.**

MOSES v. CROMWELL.

March 13, 1884.

1. PRACTICE AT COMMON LAW—*Bill of exceptions.*—Bill of exceptions cannot properly and regularly be added to record of case after case is ended by final judgment and the power of court over it has ended by the close of the term.

2. CORPORATION COURTS—*Limitation of term—Construction of statutes.*— Under Acts 1869-70, p. 35, with the old corporation courts there passed away also the limitation of the term to twenty days, and the terms of the substituted courts end only with the commencement of the succeeding term, unless sooner closed by order.

3. PRACTICE AT COMMON LAW—*Affidavit of jurors.*—As a general rule, affidavit of jurors to impeach their verdict should be rejected—and the exceptions are rare. *Danville Bank* v. *Waddill's Adm'r,* 31 Gratt. 483.

4. IDEM—*Excessive damages—Release—New trial.*—Where, by order of court, on defendant's motion for new trial, part of the damages assessed by jury has been released, and defendant did not except to the judgment for the part not released, the verdict cannot be disturbed, especially where neither the facts nor the evidence are certified.

Error to judgment of corporation court of Norfolk city, rendered October 13th, 1881, in action of trespass on the case wherein E. F. Cromwell was plaintiff and N. A. Moses was defendant. The object of the action was to recover damages for malpractice as a surgeon or physician by the defendant on the plaintiff. The jury found for the plaintiff and assessed his damages at $6,714.16. Whereupon the defendant moved the court to set aside the verdict and grant him a new trial on the following grounds—to-wit: 1. That the verdict was contrary to the law and evidence.

2. That the damages were excessive. 3. That there was misbehavior on the part of the jury in finding the verdict. The court overruled the motion, and the defendant excepted. The court then required plaintiff to release $3,714.16 of the damages, and judgment was accordingly rendered. The October term, 1881, of this court began on the 3d, and bill of exceptions was signed on the 26th of October, 1881. To this judgment a writ of error and *supersedeas* was awarded the defendant.

Opinion states the facts.

*White & Garnett* and *Wm. M. Tredway,* for the plaintiff in error.

*W. G. Elliott, Ellis & Thom,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This was an action at law, brought by the defendant in error, to recover damages of the plaintiff in error, who is a physician, for negligence and unskilfulness in the treatment of a sore on the inside of one of the cavities of the plaintiff's nose, whereby the septum of his nose was destroyed.

Upon the trial the jury found a verdict for the plaintiff in the sum of $6,714.16, but the court being of opinion that the damages were excessive, required the plaintiff to release the sum of $3,714.16, and entered judgment for the sum of $3,000.

From this judgment the plaintiff in error applied for and obtained a writ of error.

The errors assigned here, are:

First. That the court below erred in overruling the motion for a new trial for misconduct on the part of the jury; and

Second. The refusal of the court to set aside the verdict, on the ground that it was contrary to the law and evidence, and that the damages were excessive.

And these errors we will proceed to consider as soon as we have disposed of a preliminary objection made by the defendant in error to the consideration of this case by this court, because, as he alleges, the term of the corporation court of the city of Norfolk had ended before the bill of exceptions taken in the case had been drawn up and signed.

That a bill of exceptions cannot be properly or regularly added to the record of a case after that case has been ended by a final judgment rendered therein, and the power of the court over the record has terminated by the close of the court in which the trial is had, is a matter now generally understood. *Winston* v. *Giles*, 27 Gratt. 534. If, therefore, it be a fact that the term of the corporation court of the city of Norfolk had ended, as is suggested, before the bill of exceptions in the case was signed by the judge, it should be excluded, and cannot be regarded by this court. We apprehend, however, that upon an examination it will turn out that such is not the case.

Under act of the general assembly, approved January 20, 1866 (Acts 1865–6, p. 230, § 5), the corporation court of that city was limited to twenty days; but Article VI, section 14, and the act of assembly passed in pursuance thereof approved April 2, 1870, entitled "An act to prescribe and define the jurisdiction of the county and corporation courts of the Commonwealth, and the times and places of holding the same," completely changed the organization and jurisdiction of the corporation courts of the State. Acts 1869–70, p. 35. By this last mentioned act, the corporation court of the city of Norfolk, as it was then constituted, was swept out of existence, and there was substituted in its place a new court, having "within its limits the same jurisdiction as the circuit courts, and the same jurisdiction over

offences committed within its limits as the county courts," which is required to hold its sessions for as many days in each month as may be prescribed by law. The schedule of the present constitution fixed the limit of the existence of all the courts; and by that limitation they expired as soon as "the organization of the judicial department of this constitution" took place. With the old corporation court passed away also the limitation of the term to twenty days; and the new court that took its place, being untrammelled by any legislative restriction as to the duration of its terms, each of its terms must be held to be only terminated by the commencement of the next succeeding monthly term, unless sooner closed by the order of the presiding judge. *Fox, Adm'r* v. *Commonwealth*, 16 Gratt. 1; *Commonwealth* v. *Haynes*, 31 Gratt. 96. In this case, the October term, 1881, of the court, at which this trial took place, commenced on the third day of that month, and as the term was not confined to twenty days, as supposed by the defendant, but continued, unless sooner closed by the judge, which is not claimed to have been done here, until the commencement of the November term of that year, it manifestly had not expired on the 26th day of October, 1881, when the bill of exceptions in this case was signed and sealed by the judge.

We come now to the alleged misbehavior or misconduct of the jury, which consisted in this: that the jury, according to the contention of the plaintiff in error, upon retiring to consult as to their verdict, "agreed . . that each juror should, respectively, set down the amount of money which each was in favor of giving to the plaintiff, and divide the aggregate sum by twelve, and that they would all abide the result and adopt it as the conclusion of all; and that this course was adopted by the jury in rendering the verdict in this action, as shown by a paper in the cause on which they set down the amounts; and that this agreement

to abide by the result of the said division by twelve was made by the jury previous to their having ascertained what that result would be." And the plaintiff in error insists that it is competent for him to establish these statements by the affidavit of four of the jurors and the paper upon which these amounts were set down. As to this paper, it may be remarked that, if it be allowable to read it in the light of the affidavit of the four jurors, it would go far towards establishing that the verdict was arrived at in pursuance of a previous agreement that the quotient obtained by dividing the aggregate sum by twelve should be adopted without alteration as the damages to be assessed against the defendant, and this, according to very many authorities, would be error, for which a verdict should be set aside. Hilliard on New Trials, p. 160, § 12; 4 Min. Inst. 761; *Dorr* v. *Fenno*, 12 Pick. 521; *Harvey* v. *Rickett*, 15 Johns. R. 87.

But, on the other hand, if this affidavit of these four jurors be inadmissible to impeach their verdict by showing such misconduct as is imputed to them, it is plain that the paper alone does not furnish such evidence as would justify the court in setting aside the verdict of the jury. Nay, it could not be said to raise even a bare suspicion that the verdict was arrived at in an irregular way, for it could not be made to appear that this process of figuration was not gone into purely for the purpose of seeing what the result would be, and that the result was finally adopted as the deliberate judgment of each juror, after full discussion and without any prior agreement to be bound by it. Now, upon the question of the reception of the affidavit of these four jurors, I think we may fairly dispose of it, as has been so often done by this court before, by saying that the general rule is that the affidavit of jurors will not be received to impeach their verdict, and that in view of the special circumstances of this case, there being six jurors (amongst

whom is one of the impeaching jurors), whose affidavit tends to support the verdict, by showing that the quotient was discussed, after it had been ascertained, it can form no exception to the rule. After all, for ought we can perceive, the verdict may represent the unbiased and deliberate judgment of each of these jurors, as it appears from the affidavit of these six jurors that after the quotient was ascertained, "some moved for more and others for less, and finally we all agreed to adopt $6,714.16 as our verdict," which would hardly have been the case if the conclusion sought to be drawn from the affidavit of the impeaching jurors, that they had previously agreed to be bound by the result without alteration, had been so. *Bull Case,* 14 Gratt. 633 ; *Koiner* v. *Rankin's Heirs,* 11 Gratt. 431 ; *Read's Case,* 22 Gratt. 948 ; *Steptoe* v. *Flood's Adm'r,* 31 Gratt. 344 ; *Danville Bank* v. *Waddill's Adm'r,* Id. 483.

Upon the point of the refusal of the court to set aside the verdict, on the ground that the damages were excessive, it might be answered, that the objection in the record is aimed at the verdict as it was originally returned by the jury, and before the court had required a release of more than half of the amount thereof; and that as the plaintiff in error has not excepted to the judgment of the court for the $3,000, as he might have done, we do not think it would be proper for us to undertake to interfere with it. *James River & Kanawha Co.* v. *Adams,* 17 Gratt. 435 ; *Preston* v. *Bowen,* 6 Munf. 271 ; Field on Damages, § 882 ; Sedg. on the Measure of Damages, 660, note. But if we were disposed so to do, we have no means of ascertaining that it was excessive, for neither the facts nor the evidence is certified. *Callaghan* v. *Kippers,* 7 Leigh, 613. The court, however, in accordance with a practice common in this and other States, has, by entering the judgment for $3,000, an amount, as we have before observed, less than one-half the sum returned by the jury, and so has indicated its opinion

of the damages sustained by the plaintiff, and there being nothing in the record to show that these damages are excessive, that judgment must stand.

The judgment of the corporation court of Norfolk is affirmed.

RICHARDSON, J., dissented.

JUDGMENT AFFIRMED.