Argued June 8, affirmed June 29, 1966

# STATE HIGHWAY COMMISSION *v.*
## BEACH ET AL
### 416 P. 2d 316

*James W. Walton,* Corvallis, argued the cause for appellants. On the brief were Ringo, Walton & McClain, Corvallis.

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General for Oregon, and G. E. Rohde and Glen V. Sorensen, Assistant Attorneys General, Salem.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This action was brought by the state through its Highway Department to condemn part of defendants' property for highway purposes. The only issue at the trial was defendants' damages. Defendants were dissatisfied with the jury's award, and appealed.

All claims of error by defendants relate to instructions given or refused. The first claim of error relates to the court's failure to give the following requested instruction relative to expert witnesses:

> "You are instructed that you are not bound to accept the opinion of any witnesses as to the market value of the property, but you must determine the fact for yourselves. However, in so doing it is your duty to weigh the testimony of each witness who has expressed such an opinion. Such testimony should be considered with reference to all the circumstances surrounding not only the value of the property itself, but also the witness's familiarity

with such property. And you are to determine from all such circumstances how well qualified the witness may be to express a true opinion of market value of the property."

■■ The court gave statutory instructions relative to all witnesses to which no objections were taken. It was not error to fail to give the instruction. Expert testimony is to be treated in the same manner as any other testimony by the triers of the facts; it is subjected to the same tests as to weight and probative value as non-expert testimony. *In re Roberts' Estate*, 192 Kan 91, 386 P2d 301, 307 (1963); *In re Dunbier's Estate*, 170 Neb 541, 103 NW2d 797, 805 (1960); *Sanborn v. Elmore Milling Co.*, 152 Me 355, 129 A2d 556, 558 (1957); *Weakley v. Cook*, 126 Mont 332, 249 P2d 926 (1952); *Berry v. Chaplin*, 74 Cal App 2d 652, 169 P2d 442, 451 (1946); *Spencer v. Quincy, O. & K. C. R. Co.*, 317 Mo 492, 297 SW 353, 357 (1927). Neither would it have been error to give the requested instruction. It is a matter concerning which the trial judge has a certain amount of discretion depending on the circumstances.

■ The second claim of error was the court's failure to give the following requested instruction.

"Certain witnesses in this case were questioned as to their knowledge of sales of property similar to that involved in this suit, in the same vicinity, quoted by the owners to real estate men and others. The opinion of a witness is no better than the reasons upon which such opinion is based, and when a witness gives an opinion as to the market value of the property, it is pertinent to ascertain the extent of his investigation into every matter that would be a legitimate subject of inquiry by anyone desiring to purchase the property in question. Therefore, in determining the weight to be given by

you to the testimony of any witness who in this case has given his opinion as to the market value of any of the property in question, you may consider, as legitimately bearing upon his ability to form an accurate opinion as to its market value, his knowledge of sales of similar property in the vicinity of the property involved in this suit, his knowledge of the prices at which such property has been quoted in good faith by the various owners thereof in an effort to sell the same in the open market, his knowledge of the nature, surroundings, advantages and disadvantages of the property, and any other fact or circumstance that would tend to establish the familiarity of the witness with such property and with its actual market value on the 12th day of October, 1964."

It was not error to fail to give the requested instruction. The latter part of the instruction points out certain specific things to consider in determining the weight to be given to an expert's testimony. It is impossible to specify all things that might be properly considered in this respect. The instruction, therefore, unduly emphasizes certain aspects to the exclusion of others which may be equally important.

■ The final claim of error was the giving by the court of the following instruction:

"The term access is the right of the property owner to go between his land and the abutting highway. The right of access is not an unlimited right but may be controlled and regulated by the State in the interest of the safety of the traveling public under the police power of the State. The public authority may reasonably control and regulate the number and location of approaches to public highways under the police power of the State without the payment of any compensation. Furthermore, the laws of the State of Oregon prohibit the construction of any new approaches to the public high-

way without first securing a permit from the public authority. All these matters you should take into consideration in your determination of just compensation as that term has been defined to you."

The defendant complains that the instruction is faulty because it does not inform the jury that an adjacent property owner has an absolute right to access subject to the control of the highway commission as specified in ORS chapter 374. The relevant statutes are as follows:

ORS 374.305 "No person   *   *   *   may place, build or construct on the right of way of any state highway   *   *   *   any approach road   *   *   *   without first obtaining written permission from the State Highway Commission   *   *   *."

ORS 374.310 "(1) The State Highway Commission with respect to state highways   *   *   *   may issue permits, not inconsistent with law, for the construction or placing of any approach road   *   *   *   upon rights of way   *   *   *

"(2)   *   *   *   Any such permit issued may contain such terms and conditions as in the judgment of the granting authority may be in the best interests of the public.

"(3) The powers granted by this section   *   *   *   shall not be exercised so as to deny any property adjoining the road or highway reasonable access."

The instruction is technically a correct statement of the law as it states that the approaches may be *reasonably* controlled. In comparing the access after the condemnation with that available before, it is proper for the jury to know that before the condemnation access was not absolutely unrestricted. As such the instruction is not the basis for a reversal. However, it is not in desirable form and is obviously a requested instruction. The second, third, and fourth sentences

of the instruction state substantially the same thing three times in different language. Instead of using the words of the statute, which states that the commission can not exercise its authority so as to deny reasonable access, it states that access may be reasonably controlled and regulated. Technically it may amount to the same thing, but the emphasis is different. It is a correct statement of the law stated in a manner that emphasizes the aspects that are favorable to one side. It is an illustration of why it is preferable for the trial judge to write his own instructions.

The judgment of the trial court is affirmed.