280 So.2d 778

**ALABAMA POWER COMPANY,**
a corporation

v.

**Adam O. THOMAS et al.**

**Civ. 11, 11–X.**

Court of Civil Appeals of Alabama.

June 13, 1973.

Rehearing Denied July 18, 1973.

---

Balch, Bingham, Baker, Hawthorne, Williams & Ward and Edward S. Allen, Birmingham, and Charles L. Woods, Ozark, for appellant.

Steagall & Adams, Ozark, for appellees.

BRADLEY, Judge.

Appellant filed its application for condemnation of a right of way (for a transmission line) over the property of appellee in the Probate Court of Dale County. Condemnation was ordered and appellee was awarded damages in the amount of $4,710 for parcel two and $200 for parcel four. Appellee appealed the award to the Circuit Court of Dale County.

After a trial before a jury, the Circuit Court awarded damages to appellee in the amount of $5,335 for parcel two and $400 for parcel four. Appellee moved for a new trial, which was granted. There were thirty-nine grounds in the motion for new trial but the trial court based its order granting a new trial on the grounds asserting that the jury's verdict was a quotient verdict.

Appellant appeals from the order granting a new trial and makes one assignment of error, i. e., the trial court erred in granting a new trial on the ground of a quotient verdict.

Appellee filed eight cross-assignments of error with the stipulation that this court is to disregard said cross-assignments of er-

ror if it finds that appellant's one assignment of error is not well taken.

The evidence introduced at the hearing on the motion for a new trial revealed that the attorney for the appellee went into the jury room after the trial had terminated and found numerous slips of paper on which numbers were written. He then asked the court reporter to place his mark on the pieces of paper, which he did. These papers were grouped and introduced into evidence as Exhibits 1, 2 and 3. Exhibit 1 consisted of twelve pieces of paper, each containing a figure indicating an amount of money; Exhibit 2 consisted of one piece of paper containing some letters and two pieces of paper containing computations showing the addition of a column of figures, the resulting sum being divided by twelve, giving a quotient of $6,750; and Exhibit 3 consisted of eleven pieces of paper, each containing a number indicating an amount of money.

Three jurors who had participated in the proceedings resulting in a verdict in this case were then called to testify. Prior to their testimony, the attorney for appellant obtained an agreement from the court that he would be granted a continuing objection to any testimony which would impeach the verdict rendered by them.

Each one stated that the evidence had been thoroughly discussed and when each one expressed his opinion as to the amount that should be awarded to appellee a great disparity in said values developed. It was then decided that each juror would write down on a piece of paper the amount he thought should be awarded to appellee and these amounts would then be added up and the total would be divided by twelve. The amount resulting from this computation, i. e., $6,750, was then discussed by the jurors and rejected. It was unsatisfactory to them. There was more discussion and the process of writing amounts on a piece of paper by each of the twelve jurors was repeated. These amounts were then added up and the total divided by twelve. The amount resulting from this was $5,734.40. The jury then discussed this figure and after further deliberation agreed to subtract $400 from it as the value to be assessed to parcel four, leaving approximately $5,335 as the value to be placed on parcel two. The witnesses stated that these figures were arrived at after thorough discussion of all the evidence.

The Supreme Court stated in Fortson v. Hester, 252 Ala. 143, 39 So.2d 649:

". . . It is a settled rule in this state that when figures are shown which were used by the jury in its deliberations and from these figures a fair inference may be drawn that the verdict was a quotient verdict, the court will so hold and that the verdict was the result of a previous agreement, unless the contrary is shown. Mobile & O. R. Co. v. Watson, 221 Ala. 585, 130 So. 199. It is also settled that the evidence of jurors is admissible to sustain their verdict but jurors cannot testify to facts which tend to impeach their verdict. Mobile & O. R. Co. v. Watson, supra; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 122 A.L.R. 637. . . ."

See also Security Mutual Finance Corp. v. Harris, 288 Ala. 369, 261 So.2d 43 and Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484.

We interpret the above rule to mean that when the record shows scraps and bits of paper containing numbers, lists of figures and computations indicating the use of the quotient process to arrive at an amount to be awarded to a party to the lawsuit and the amount awarded closely corresponds to the amount obtained by that process, a presumption arises that the quotient process has been used in conjunction with a prior agreement to be bound by the results of said process.

■ Furthermore, when such figures are established, it also must be presumed that, in advance of the figuring, there was an agreement to be bound by the result. The reason for this presumption is that a witness cannot state that prior to the quotient process such an agreement was made.

■ Under this rule, assuming but not deciding that the presumption of a quotient verdict arose, along with the presumption of a prior agreement among the jurors to abide by the quotient, we find that the testimony of the jurors in support of their verdict overwhelmingly overcomes these presumptions.

It is easily inferred from the testimony of the three jurors that no advance agreement had been made by them to be bound by the results of a quotient process. And as stated in Fleming v. Knowles, 272 Ala. 271, 130 So.2d 326:

". . . The vitiating fact seems to be the agreement in advance to abide by the results of the calculation . . . ."

For example, one juror testified that the first averaging process did not produce an amount that could be agreed upon and it was rejected. A second amount was secured by the same process and this figure was thoroughly discussed after it was obtained and after this discussion it was decided that parcel four would be awarded $400 damages and parcel two $5,335 damages.

Another witness stated that the amount obtained by the first averaging process could not be agreed upon and so the process was repeated, with the amounts being obtained being accepted by all the jurors "after a while . . . ."

The third witness stated that after the jury had completed the second averaging process, ". . . [W]e came up with a number that time somebody says—I don't know—remember if it was me or what, it seems that it might have been me that said it, that I didn't like that figure, but somebody had to give if we ever reached an agreement. I said I would accept that figure if everybody else would."

The witness testified that the first averaging process, i. e., the summation of twelve amounts and a division of the result by twelve was rejected by the jury; hence this amount cannot be considered as a quotient verdict.

The witnesses stated there was a second averaging process but there are only eleven pieces of paper in Exhibit 3 with an amount on each of said pieces of paper. There is no evidence of an adding process or a division by twelve process. Furthermore, the substance of the testimony of the jurors testifying at the hearing on the motion for new trial was that an agreement as to the amount of damages due to appellee-landowners was reached after a discussion of a figure obtained by a second averaging process, strongly indicating that no advance agreement had been made to abide by the results of the averaging process.

It is therefore the conclusion of this court that the rule in quotient verdict cases has not been satisfied for that the evidence is more than sufficient to overcome the presumption that an advance agreement had been made by the jury to be bound by the results of the averaging process. The testimony of the witnesses given at the hearing on the motion for new trial is unanimous to the effect that agreement on the amount of damages finally given as the verdict was not reached until after the averaging process had been completed and a figure obtained on which further discussion could be had by the jury. The inescapable conclusion to be reached after a careful consideration of this evidence is that the jury used the averaging process for the sole purpose of obtaining an amount that would be the basis of further deliberations of the jury in its efforts to

arrive at a damage figure upon which all could agree. This, in our opinion, completely rebuts the presumption that an agreement had been made *in advance* of the averaging process to abide by the results of said process. This being so there was no quotient verdict. There being no quotient verdict, the trial court committed reversible error in awarding a new trial.

■ Appellee, as mentioned earlier, cross-assigned eight errors, but argues in brief only four of them, i. e., cross-assignments 2, 5, 3 and 4. Those cross-assignments of error not argued are deemed waived. Rule 9, Supreme Court Rules.

Cross-assignments of error 2 and 5 were argued in brief and relate to the misconduct of the jury in rendering a quotient verdict and have been answered by the above reply to appellant's assignment of error.

■ Appellee's cross-assignment of error 3 is as follows:

"For that the court erred in not granting defendants a new trial on the ground that the court ruled outside the presence of the jury that the route position of taking of defendant's land was not an issue to be presented to the jury in this case."

Appellant, in brief, argues that this court cannot consider cross-assignment 3 for the reason that it does not contain a page number of the record where the alleged error occurred as required by Rule 1 of the Supreme Court Rules and cites us to our case of Dawson v. Thorpe, 47 Ala.App. 215, 252 So.2d 331, wherein we said:

"  .  .  .  The point is that assignments of error are forms of pleading on appeal and must, with reasonable clarity, state the specific and precise erroneous ruling of the trial court and point out the exact place it appears in the transcript.  .  .  ."

And to the Supreme Court case of Adrian v. Lockridge, 285 Ala. 222, 231 So.2d 95, wherein it said:

"  .  .  .  We have held previously that where there is reference to certain record pages following an assignment of error and we fail to find any such ruling on the page or pages referred to, no question is presented for our determination  .  .  . "

Assignment of error 3 apparently relates to the refusal of the trial court to admit certain evidence to the jury, but the record contains 442 pages and to find the alleged error would require this court to examine the entire record and then we could not be certain we had found the supposed error. The decisions of the Supreme Court confirm that the purpose of Rule 1 was to prevent the appellate courts from having to undertake such a burdensome task, especially where such an undertaking might be fruitless.

Therefore, as a result of its failure to comply with Rule 1 of the Supreme Court Rules, assignment of error 3 presents nothing for determination by this court.

Likewise, appellee's cross-assignment of error 4, set out below, fails to comply with Rule 1 of the Supreme Court Rules.

"For that the court erred in not granting defendants a new trial on the ground that the court sustained plaintiff's objection to presentation of testimony by Bernard Carmichael, a witness for the defendants, as to value based upon the developer's theory of appraisal."

Assignment 4 therefore presents nothing for determination by this court.

For the error of the trial court heretofore pointed out, this case is reversed, and a judgment rendered by this court denying the motion for a new trial and reinstating the original judgment.

Reversed and rendered; cross-appeal dismissed.

WRIGHT, P. J., and HOLMES, J., concur.