State of West Virginia

*v.*

Thomas Leon Sams

(No. 13438)

Decided January 14, 1975.

*Cather & Renner, Diana Everett* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *E. Leslie Hoffman, III,* Assistant Attorney General, for defendant in error.

CAPLAN, JUSTICE:

Thomas Leon Sams, defendant below and appellant, seeks a reversal of a judgment of the Circuit Court of Wood County, wherein he was declared guilty of and sentenced for the crime of breaking and entering. He was indicted for said crime at the January Term, 1973, of the grand jury of the aforesaid court. Upon trial of the charges contained in the indictment the jury found him guilty as charged therein. Thereafter, his motion to set aside the verdict was denied and the defendant prosecutes this appeal.

The indictment charged that Thomas Leon Sams did feloniously break and enter, with intent to commit larceny therein, "a certain building of Parkersburg Lodge Number 198 Benevolent and Protective Order of Elks, a corporation, and located at 515 Juliana Street, Parkersburg, Wood County, West Virginia * * *" An examination of the transcript of the trial reveals that such proceedings were held before "Hon. Robert Evans Stealey, Special Judge and a Jury."

While the petition for a writ of error contained numerous assignments of error, the only ones argued by the defendant on this appeal concern the matters set out in

the preceding paragraph. First, the defendant contends that the special judge, Robert Evans Stealey, being a member of the Elks, was, by virtue thereof, an owner of the building charged to have been broken and entered, was pecuniarily interested in the outcome of the case and was therefore disqualified to serve as judge. Second, the defendant claims that the election of Robert Evans Stealey as special judge was invalid in that it did not comply with the provisions of W. Va. Code, 1931, 51-2-10.

Of first consideration is the assignment of error based on the alleged disqualification of the special judge by reason of his pecuniary interest in the outcome of the case. The evidence clearly reveals, and there is no denial, that Robert Evans Stealey, the special judge, was, at the time of the trial, a member of Parkersburg Lodge Number 198 Benevolent and Protective Order of Elks. The defendant asserts that by reason of the charter of that organization all members own a proportionate share of the physical properties thereof. Therefore, reasons the defendant, the special judge had a pecuniary interest in the outcome of the case and was disqualified.

It has long been the general rule in this jurisdiction, and universally, that a judge who has any pecuniary interest in a case to be tried before him, however slight, is disqualified from trying such case. *State ex rel. Shrewsbury v. Poteet*, ____ W. Va. ____, 202 S.E.2d 628 (1974); *Osborne v. Chinn*, 146 W. Va. 610, 121 S.E. 2d 610 (1961); *Tumey v. Ohio*, 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (1927). The nature and factual situation of this case, however, preclude the application of the maxim *"nemo debet esse judex in propria causa"*. In the *Poteet*, *Chinn* and *Tumey* cases the incomes of the triers of the cases were directly affected by the outcome of the case; all were paid by fees and would benefit if the defendants were found guilty.

The instant case is not of such nature. There is no manner in which the outcome of the case could reflect a pecuniary interest on the part of the special judge. A special judge is paid a statutory salary for his services,

his compensation being in no way dependent upon the outcome of the case. *W. Va. Code*, 1931, 51-2-12, as amended. Although the authorities say that a pecuniary interest, however slight, will disqualify a judge, such interest must be real and direct. This is succinctly expressed in 48 C.J.S., *Judges*, §79, as follows: "The interest of the judge in the subject matter of the litigation, to disqualify must be direct; it must be real and certain, and not one which is merely incidental, remote, contingent, or possible." In the instant case the judge had no pecuniary interest in the outcome of the case and he is not, by reason of his membership in the Elks Club, disqualified. *See, Masonic Building Corporation v. Carlsen*, 128 Neb. 108, 258 N.W. 44 (1934) and *Blakeman v. Harwell*, 198 Ga. 165, 31 S.E.2d 50 (1944).

The defendant further asserts that the procedures followed in the election of the special judge did not comply with the statutory requirements and that the judgment was therefore void. The record reveals that counsel for the defendant objected to the procedures whereby the special judge was elected, asserting that improper notice was given, that the method of balloting was improper and that it would not be ascertained whether members of the bar who were disqualified from voting participated in the election. Nothing in the record, however, reflected the actual proceedings which resulted in the election of the special judge. The record is silent in this regard.

The record of this case fails entirely to reveal the procedures followed which resulted in the election or selection of Robert Evans Stealey as special judge. In the absence of an affirmative showing in the record that the election of a special judge was illegal, it will be presumed that the statutory requirements were followed and that such election was lawful. *State ex rel. Ashworth v. Boles*, 148 W. Va. 13, 132 S.E.2d 634 (1963). *See, State ex rel. Black v. Pennybacker*, 144 W. Va. 612, 110 S.E.2d 265 (1959); *Lieberman v. Lieberman*, 142 W. Va. 716, 734, 98 S.E.2d 275, 286 (1957); and *George v. Kittle*, 102 W. Va. 613, 135 S.E. 900 (1926). As stated in Point 1 of the

syllabus in *State ex rel. Ashworth v. Boles, supra,* "There is a strong presumption in favor of the regularity of court proceedings and the burden is one the person who alleges irregularity to show affirmatively that such irregularity existed." The defendant in the instant case has failed to meet such burden and his position relative to the election of the special judge must likewise fail.

In view of the foregoing the judgment of the Circuit Court of Wood County is affirmed.

*Affirmed.*