Argued November 24, affirmed December 22, 1975

STATE ex rel STATE HIGHWAY COMMISSION,
*Respondent, v.* CENTER et ux
(No. 72-839-L-3), (CA 3975), *Appellants.*

543 P2d 1084

*Edwin J. Peterson,* Portland, argued the cause for appellants. With him on the brief were Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

The state brought a condemnation proceeding against defendants in connection with a project to widen Highway 66 near Ashland. Defendants are the owners of real property abutting Highway 66 and operate an auto body shop and towing service on their property.

After jury trial defendants obtained a verdict and judgment for $10,278.50. The award was to compensate them for land actually taken and also for the decreased value of their remaining land resulting from more restricted access onto Highway 66.

Defendants appeal assigning as error the following: (1) the trial court erred in incorrectly instructing the jury relative to the application of certain statutes and (2) the jury erred in employing a quotient verdict method in arriving at its award.

Defendants' contention regarding the jury instruction centers around the inclusion of parts of ORS 374.-305 and 374.310 in the instruction. The challenged instruction stated:

"[1] A person who owns property abutting a highway has an absolute legal right to the use of the whole highway in front of his premises subject only to reasonable regulations by the Highway Commission. For this purpose I instruct you that a statute of the State of Oregon restricting access reads as follows:

"[2] 'No person may place, build or construct on the right-of-way of any state highway any ap-

proach road without first obtaining written permission from the Department of Transportation. The Department of Transportation with respect to state highways may issue permits not inconsistent with law for the use of the rights-of-way of such highways and roads. Such permits shall include provisions, terms and conditions as in the judgment of the granting authority may be in the best interests of the public for the protection of the highway or road and the traveling public.

"[3] 'The powers granted by this section shall not be exercised so as to deny any property adjoining the road or highway reasonable access.'

"[4] Therefore, the Defendants' right to access, even before the taking herein, was restricted by virtue of the statute just read to you. You may, however, compare the access after the taking with that available before the taking to determine whether the Defendant has been denied reasonable access to his property.

"[5] If you find that the Defendant has been denied reasonable access to his remaining property, then you may include such loss in your determination of just compensation.

"[6] However, if you find that the access reserved to the Defendant is reasonable, then the Defendant is not entitled to recover any compensation for the restriction of access which is caused by the lawful exercise of the Highway Commission's right to regulate the number, location and the type of approaches to public highways."

Defendants contend that ORS 374.305 and 374.310 do not restrict an already existing access but only regulate the construction of new accesses. Thus, they argue it was error to charge the jury in paragraph 4 above that the defendants' right of access was restricted before condemnation by virtue of ORS 374.305 and 374.310.

■ The instruction as a whole was a proper statement of the law and was not confusing. *See, Highway Commission v. Beach,* 224 Or 162, 416 P2d 316 (1966). The overall thrust of the instruction is succinctly stated in paragraph 5. It correctly charges:

"If you find that the Defendant has been denied reasonable access to his remaining property, then you may include such loss in your determination of just compensation."

Defendants' second assignment concerns the jury's use of the quotient verdict method.

■ The quotient method is improper if the jurors agree to be bound by the average before the average is actually computed. *Wells v. Clark & Wilson Lbr. Co.,* 114 Or 297, 327, 235 P 283 (1925). In other words, after the average is computed, it must be voted on.

■ Defendants contend that the depositions of jurors John Price and Arthur Ekerson prove that the jurors agreed to be bound in advance and that no further vote was taken. We disagree. Juror Price stated in his deposition that the jurors were in disagreement, that an average was taken and that it was then voted on. He stated that 10 jurors thought the average was fair and that two thought it was not. Juror Ekerson stated that he could not remember whether a vote was taken after the average was computed.

As pointed out above, the depositions of jurors Price and Ekerson do not support defendants' contention. Defendants' second assignment cannot therefore be sustained.

Affirmed.